Jerry GAYLE, Plaintiff–Appellant,

v.

COUNTY OF MARIN, et al., Defendants–Appellees.

No. 06–15012.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 8, 2007.*

Filed Nov. 13, 2007.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Carl B. Shapiro, Esq., Shapiro & Shapiro, San Anselmo, CA, for Plaintiff–Appellant.

John F. Govi, Esq., Office of the County Counsel, Marin County, Stephen R. Raab, Esq., Marin County Counsel's Office, San Rafael, CA, for Defendants–Appellees.

Before: THOMAS, TALLMAN, and IKUTA, Circuit Judges.

## MEMORANDUM **

The district court granted Marin County's motion for summary judgment on grounds of claim preclusion. We affirm. Because the parties are familiar with the factual and procedural history of this case, we need not recount it here.

A California court would give preclusive effect to the Marin County Board of Supervisors' decision affirming the initial decision of the Marin County Personnel Commission ("Personnel Commission") that Gayle was justifiably terminated had Gayle brought his § 1983 claim in state court. Despite notice of his right to seek judicial review in the California Superior Courts, Gayle elected not to do so. Accordingly, the Board of Supervisors' decision bars litigation of Gayle's § 1983 claim in

this court. See *Miller v. County of Santa Cruz*, 39 F.3d 1030, 1033 (9th Cir.1994).

Gayle had an adequate opportunity to litigate the allegations of racial discrimination that form the basis of his § 1983 claim in his Personnel Commission termination appeal. *Id.* at 1034–35; *see also* Marin County, Cal., Code § 2.56.110. Gayle's Personnel Commission termination appeal and § 1983 claim encompass the same primary right, namely continued employment. *Miller*, 39 F.3d at 1034. The Personnel Commission did not have an improper pecuniary interest in the outcome of the proceedings, and the proceedings themselves satisfied state law and constitutional requirements for procedural due process. *Id.* at 1032–33 (holding the relevant inquiry is "whether the administrative hearing met the requirements of California law such that a California court would have accorded the determination preclusive effect"); *Haas v. County of San Bernardino*, 27 Cal.4th 1017, 119 Cal.Rptr.2d 341, 45 P.3d 280, 294–95 & n. 22 (2002). Therefore, the district court correctly determined claim preclusion was available, and did not abuse its discretion in according preclusive effect to the agency decisions. *Miller*, 39 F.3d at 1032–33.

Gayle was not deprived of his rights to a jury trial or money damages; he could have declined to seek agency review of his termination, and instead gone directly to state or federal court with his § 1983 claim. *Porter v. Nussle*, 534 U.S. 516, 523, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002). There is no factual basis for Gayle's estoppel claim, and Marin County did not waive its affirmative defense of claim preclusion by including it for the

** This disposition is not appropriate for publication and is not precedent except as provid-

ed by 9th Cir. R. 36–3.

first time in its answer. *See* Fed.R.Civ.P. 12(h)(1)(A).

**AFFIRMED.**

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.